[No. 2652.  Decided December 18, 1897.]

WALTER LOVEDAY, *Respondent*, v. C. H. ANDERSON *et al.*, *Appellants.*

PROMISSORY NOTES — WAIVER OF NOTICE BY INDORSERS — WHAT CONSTITUTES — PLEADING — DUPLICITY.

The indorsement of a promissory note by the holder and an accommodation indorser, made beneath a printed form of guaranty and waiver of notice of non-payment, amounts to a waiver on the part of the indorsers, although the blanks in the printed form are not filled out nor the signatures of the indorsers attached directly beneath such printed form, when it appears that the note should be regarded as the instrument of the indorsers in securing its discount and should be most strongly construed against them. (GORDON and ANDERS, JJ., dissent.)

The allegations of a complaint in an action on a promissory note that the indorsers thereof waived notice is not inconsistent with allegations showing also that the holder was excused from giving notice by the subsequent action of the indorsers.

Appeal from Superior Court, Pierce County.—Hon. W. H. PRITCHARD, Judge.  Affirmed.

*George S. Brown,* and *Herbert S. Griggs,* for appellants.
*O. G. Ellis,* and *Walter Loveday,* for respondent:

In support of the contention that appellants were bound by the printed form of waiver indorsed on the note, counsel cite *Farmers' Bank v. Ewing,* 78 Ky. 264 (39 Am. Rep. 231); *Parshley v. Heath,* 69 Me. 90 (31 Am. Rep. 246).

The opinion of the court was delivered by

SCOTT, C. J.—Plaintiff brought this action to recover upon a promissory note executed on September 3, 1894, for the sum of $600 with interest at the rate of ten per cent. per annum, by J. M. Dougan, Edw. S. Barlow and T. A. Bringham to the order of C. H. Anderson, and thereafter indorsed by the appellants. The makers of the note made default, but the appellants contested their liability, and have appealed from a judgment against them. The cause was tried by the court without a jury. Upon the back of the note was the following printed waiver, and below were the indorsements of the appellants as follows:

" For value received . . . . hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of . . . . . . per cent. per annum, until paid, waiving demand, notice of non-payment and protest.
" Pay to George Brand, or order.
                                        " C. H. Anderson."

Below Anderson's name was the indorsement of George Brand, and above Brand's name appeared the stamp of the bank as follows:

                " Pay to the Order of
            London & San Francisco Bank, L'd."

The principal point in controversy is as to whether the appellants were entitled to notice of non-payment of the

note. They contend that the printed form on the back of the note is no part of their indorsement, and the fact that the blanks therein were not filled indicated that it was so understood by the parties at the time. It is conceded that before the maturity of the note Anderson, the payee, took it to the London and San Francisco Bank, Limited, for the purpose of having it discounted. At that time the note was not indorsed and the bank refused to discount it without Brand would indorse it. In relation to this matter Mr. Brand testified as follows:

"This note was payable to the order of C. H. Anderson. Mr. Anderson informed me that the bank would not discount the note without his individual indorsement as well as my indorsement. Mr. Anderson then brought the note to me with his name written on the back and as I remember it Mr. Anderson indorsed it payable to my order. I then indorsed the note by writing my name on the back. I thereupon returned the note to Mr. Anderson for the purpose of taking it to the bank to be discounted."

Whereupon Anderson again took the note to the bank and it was discounted, and thereafter transferred by the bank to the plaintiff. The stamp of the bank was evidently placed on the note after Brand's indorsement. No question is made with reference to that either one way or the other, if it were at all material. But it may throw some light on the intention of the parties as to the waiver of notice when Anderson and Brand wrote their names on the back of the note. The instrument was not prepared by the bank, nor was the bank the owner of it at the time it was indorsed by them, and we think the appellants should be held bound by the waiver. It should be regarded as their instrument in dealing with the bank, although Brand at no time held the same or had any interest therein apparently. It would have been easy enough for the indorsers, if they did not want to be bound by the waiver appearing on the

back of the note, to have erased it, and as a matter of ordinary caution this should have been done if they did not intend to be so bound. The fact that the blanks were not filled made no material difference, because the contract of waiver was sufficient without their being filled. While the matter is not free from doubt, we are of the opinion that under the circumstances in this case that doubt should be resolved in favor of the holder of the note, and the instrument should be most strongly construed against the appellants.

Some further questions are raised in the case by the appellants, one being that the court erred in its ruling with reference to the matters alleged in the complaint. It is contended that the matters pleaded therein were inconsistent, as in addition to alleging an indorsement waiving notice further matters were alleged tending to show that the bank was excused from giving any notice by the subsequent action of the appellants. We do not think these matters were inconsistent, for in addition to alleging the waiver the plaintiff might also have alleged that notice was in fact given. This being true, he could allege that notice was thereafter waived by the parties.

Complaint is also made that the court erred in admitting proof of such matters. We deem this, as well as several other matters argued in the brief, to be immaterial, for the judgment of the court was based upon the proposition that notice had been waived by the contract of indorsement, and the other matters were clearly without prejudice.

Affirmed.

DUNBAR and REAVIS, JJ., concur.

GORDON, J., (dissenting).—I dissent. The printed form of waiver which appears upon the back of the note was unexecuted. It was not only not filled out but it was not

signed, and as if to emphasize that they were not to be bound by it the signatures of appellants were made separate and distinct from it. The very fact that it was not filled out or executed was notice of the highest character to the bank that appellants were not to be bound by its terms. By ignoring the blank waiver, and placing their signatures where they did—fully three inches below it—they gave notice to every one dealing with the paper that they chose to stand upon the contract of indorsement which the law implies rather than the printed form which their act repudiated.

ANDERS, J.—I concur in the foregoing.