Lyndon Savings Bank *v.* International Company, G. H. Prouty, O. C. Miller and H. E. Folsom.

October Term, 1902.

Present: Tyler, Start, Watson, Stafford and Haselton, JJ.

Opinion filed February 25, 1903.

*Promissory notes—Relation of signer—Rule 13—By-law of corporation—Evidence—Question for jury.*

One whose signature appears upon a promissory note, and who is sued as a joint maker, may show that he did not sign in that capacity, without notice under County Court Rule 13.

A corporation, which issues its note and receives the avails thereof, cannot defend on the ground that the note was not approved as required by its by-law, in an action thereon by one without notice of such by-law.

The relation which one assumes by placing his signature on a note after its execution is a question for the jury.

One who, after its execution, puts his signature in blank upon the back of a promissory note to which he was not before a party, assumes, *prima facie*, the obligation of a maker, but the real obligation assumed by him may be shown by parol.

Whether the holder of a note acted in good faith toward certain of the signers, and, if not, whether such signers were thereby damaged, are questions for the jury.

That the maker of a note requested others whose names appear thereon to sign may be inferred from the circumstances surrounding the transaction.

SPECIAL ASSUMPSIT.  The pleadings are stated in the opinion.  Trial by jury at the December Term, 1901, Caledonia County, *Munson* J., presiding.  At the close of the evidence each party moved for a verdict.  Plaintiff's motion overruled, verdict ordered for the defendant, and judgment thereon. The plaintiff excepted.

*Cook & Norton* and *W. W. Miles* for the plaintiff.

No notice having been given that the defendant would dispute the execution of the note, its production at the trial entitled the plaintiff to a judgment without further proof. County Court Rule 13; *Blaney* v. *Pelton,* 60 Vt. 275; *Stevenson* v. *Gunning's Est.,* 64 Vt. 601; *Redding* v. *Redding's Est.,* 69 Vt. 500.

It has been repeatedly held in this State that when one who signs his name upon the back of a note in blank becomes *prima facie* liable as maker; the endorsement being in blank, parol evidence may be given of the real obligation intended

to be assumed. *Barrows* v. *Lane,* 5 Vt. 161; *Bank* v. *Marble Co.,* 61 Vt. 106; *Ballard* v. *Burton,* 64 Vt. 387.

One who thus writes his name upon the back of a note, if he were not before a party to it, assumes the same obligation as if he wrote his name upon the face of the instrument, and it makes no difference that he does this after the making of the note. *Knapp* v. *Parker,* 6 Vt. 642; *Flint* v. *Dodge,* 9 Vt. 345; *Strong* v. *Riker,* 16 Vt. 554; *Little* v. *Keyes,* 24 Vt. 118; *Ballard* v. *Burton, supra; Brooks* v. *Thacher,* 52 Vt. 559; *Sylvester* v. *Downer,* 21 Vt. 355.

The unexpressed intention of the defendants, Prouty and Miller, when they added their signatures to this note, cannot in any way affect the plaintiff's right of recovery. *Nash* v. *Skinner,* 12 Vt. 219; *Sanford* v. *Norton,* 17 Vt. 285; *Flint* v. *Day, supra.*

It is immaterial at whose request these defendants signed. *Little* v. *Keyes, supra.*

The defendant company cannot defend on the ground that the note was not approved as required by its by-laws.   Cook on Corp. s. 761.

The vote taken by the plaintiff regarding the disposition of the assets of the International Company does not discharge these defendants. *Viele* v. *Hoag,* 24 Vt. 46; *Close* v. *Close,* 4 DeG. M. & G., 176; *Wyke* v. *Rogers,* 1 Ib. 408.

The plaintiff having made a *prima facie* case by the introduction of the note, his motion for a verdict should have been granted. *Ballard* v. *Burton, supra; Bank* v. *Marble Co., supra; Sylvester* v. *Downer, supra; Blaney* v. *Pelton, supra; Stevenson* v. *Gunning's Est., supra; Redding* v. *Redding's Est., supra.*

*Young & Young* for the defendants.

Prouty and Miller are guarantors, and are not liable as joint makers.   In order to create the relation of joint makers between the parties they must all have signed the note before its delivery for one and the same consideration, or in pursuance of a contract made before delivery.   *Mecorney* v. *Stanley,* 8 Cush. 85; *Bank* v. *Willis,* 8 Met. 504; *Benthall* v. *Judkins,* 13 Met. 265; *Tenney* v. *Prince,* 4 Pick. 385.   If an irregular endorsement is made after the delivery, it is a guaranty and not an original undertaking.   2 Randolph Com. Paper, s. 829; 1 Daniell's Neg. Instr. s. 715; *Whiteman* v. *Childress,* 6 Humph. 303; *Goode* v. *Martin,* 95 U. S. 90; *Benthall* v. *Judkins, supra; Rey* v. *Simpson,* 22 How. 341; *Moore* v. *Folsom,* 14 Minn. 440; *Crawford* v. *Lyth,* 70 N. C. 385; *Hayden* v. *Welden,* 43 N. J. L. 128.

The undertaking of Prouty and Miller was without consideration.   Mere forbearance to sue, without an agreement to that effect, is no consideration for their signatures.   *Manter* v. *Churchill,* 127 Mass. 31; *Mecorney* v. *Stanley, supra; Russell* v. *Buck,* 11 Vt. 166.

The agreement of September 30, 1898, operated as a discharge of the Company.   Prouty and Miller being guarantors, as such were discharged by it.   *Paddleford* v. *Thacher,* 48 Vt. 574.

Prouty and Miller signed at the plaintiff's request and not that of the Company, and are not liable to the plaintiff.   *Nelson* v. *Harrington,* 16 Gray, 139.

TYLER, J.   Special assumpsit, in which the International Company, G. H. Prouty, O. C. Miller, and H. E. Folsom are declared against as joint makers of a promissory note for $5,000, dated June 12, 1886, payable on demand, with interest semi-annually.   The note is signed by the defendant company,

waiving "all right or claim to the statute of limitations;" across the end, upon its face, is written: "J. A. Prouty, O. C. Miller, Ex. Committee;" on the back appears: "Waiving demand and notice.

> H. E. Folsom,
>
> O. C. Miller,
>
> G. H. Prouty."

The defendants severally pleaded the general issue, the statute of limitations, discharge and release; replication, similiter to first plea, estoppel to second, traverse of third; rejoinder, traverse of replication to second plea, similiter to replication to third plea. No notice was filed denying the execution of the note. The interest was indorsed to August 10, 1901. At the close of the evidence each party moved for a verdict upon the undisputed evidence in the case; a verdict was directed for the defendants, and the case comes here upon exceptions to that ruling.

Defendant Miller was, when the note was executed and when he indorsed it, a director, a member of the executive committee, and the manager of the International Company, which was a duly organized corporation; J. A. Prouty was a director in the company, its president, and a member of its executive committee. He died before the suit was brought, and is not mentioned in the writ or declaration as a party to the note. Folsom was then a director and the treasurer, and he was also a trustee in the plaintiff corporation. He pleaded his discharge in insolvency, and a non-suit was entered as to him. G. H. Prouty became a director in the company July, 1890, and continued such until September, 1898.

The plaintiff introduced the note in evidence, and claimed to hold said Miller as a joint original maker both by reason of his name appearing upon the end of the note and upon its back.

The defendants claimed that Miller's name was not placed upon the face of the note to bind him personally, but as a part of its execution, as required by article 9 of the by-laws of the company, and offered the by-law in evidence to show that fact, and to show that, upon the plaintiff's claim that Miller was a joint maker, the note was never executed by the company;—in other words, if placing his name upon the end of the note made him personally liable, then the note was not approved by two members of the executive committee.   There being no notice, under Rule 13, that the defendants would deny the execution of the note, the plaintiff claimed that, upon the declaration and pleadings, the by-law was not admissible to show how or when the note was executed by Prouty and Miller.

The by-law is as follows:   "Article 9.   All notes of the corporation shall be signed by the president and countersigned by the treasurer and approved by at least two of the executive committee, and no contract to purchase to the amount of five thousand dollars or more shall be made by the manager without the approval of two or more of the executive committee, and all contracts made by the manager shall be reported to the executive committee once each month."

Under the plaintiff's exception, Miller testified that he placed his name upon the face of the note to complete its execution, in compliance with the by-law.   Upon this point, we hold that Rule 13, which requires a written notice to be filed when the defendant intends to deny the execution of the instrument upon which an action is founded, does not apply to this case; for here the defendants did not deny any signature upon the note in suit, but did claim the right to show the capacity in which the persons signed the note and their relation to it, for which purpose the by-law and testimony were properly admitted.   *Bigelow & Hoagland* v. *Stilphen,* 35 Vt. 521.

It appeared that the plaintiff had no notice of this by-law, unless from the facts that Folsom was a trustee of the plaintiff corporation when he signed the note as treasurer of the International Company, and that he had previously signed another note for the company in like manner, and as director of the plaintiff had approved the note for the plaintiff, which discounted it, and owned it when the note in suit was executed.

1.   On this point we hold that the defendant having issued the note, duly signed by its president and treasurer, and having received the money upon it, cannot now repudiate it for the reason, if it existed, that the approval of the company's executive committee did not appear upon the note.    This was a rule of the company and could not affect the plaintiff, which parted with its money in reliance upon the validity of the note.    The by-law was directory to the manager, and was for the obvious purpose of restraining him from borrowing money without the approval of the executive committee, and not to render the note invalid in the hands of a holder without notice, for value. But this discussion is unnecessary, for there is nothing in the case to indicate that J. A. Prouty and O. C. Miller wrote their names upon the face of the note for any other purpose than to comply with the by-law.

2.   It appeared that Folsom indorsed the note before it was delivered; that in December, 1893, he became insolvent, and that the plaintiff employed one Harris, who was not connected with the bank, to go to Newport and obtain additional signers upon the note; and that Miller and G. H. Prouty wrote their names upon the back of it under that of Folsom. Harris and the defendants differed in their account of the conversation that took place on that occasion, but from what was said, from the fact that the plaintiff did not want the money upon the note, but wanted more signers, from the fact that the note was allowed

to run, and from other attendant facts and circumstances, the jury might have inferred that it was mutually understood by Miller and Prouty, as officers of defendant company, and by Harris, acting for the bank, that if Miller and Prouty would sign the note, the bank would forbear its collection and allow it to run a reasonable time longer. What the understanding was, was a question of fact for the jury. *Ballard* v. *Burton,* 64 Vt. 387, 24 Atl. 769, 16 L. R. A. 664.

What relation Miller and Prouty assumed to the note by placing their names upon it was a question of fact, and not of law. If they became joint makers, no demand was necessary, and this action was properly brought against them. If they were indorsers, it could not be held, as matter of law, that they waived demand and notice by placing their names under the name of Folsom, who, when the note was executed, signed it as indorser, waiving demand and notice; and if there was an agreement or understanding between the parties that the time of payment should, in consideration of their signing the note, be forborne, there being no time of forbearance specified, it would mean, in law, a reasonable time. What constituted a reasonable time, in the circumstances, was a question of fact for the jury, and as against Miller and Prouty, the statute of limitations would begin to run at the expiration of such reasonable time. If they were guarantors, the proof did not support the declaration, and there was a variance, for a guaranty is not a primary obligation, but an undertaking to answer for another's liability, and in that case they were not properly joined in this action.

3. The defendants contend that, to create the relation of joint makers between the parties, the defendants must have signed the note before its delivery, and for a consideration common to all the signers. It is laid down by many authorities that

one who indorses his name in blank upon a promissory note after its delivery is not liable as an original promisor, because he did not partake in the original consideration; that, to hold such a signer liable as maker, it must appear that he signed his name pursuant to a promise made at the time the note was given; otherwise, he may not be chargeable at all, or be chargeable as surety or guarantor, according to the facts proved.    It is held that, where one thus indorsed a note pursuant to an agreement made with the payee before the note was made, though without the maker's knowledge, the act made him a joint promisor with the maker, it being considered as done at the time the note was made.    *Mecorney* v. *Stanley,* 8 Cush. 85; *Bank* v. *Willis,* 8 Met. 504; *Hawks* v. *Phillips,* 7 Gray, 284.

It is the general rule, held by many Courts of last resort and laid down in the text-books, that where a promissory note is indorsed in blank, after its delivery, by any other person than the payee, it is a new and independent contract between the indorser and the holder, upon a new consideration moving between them, and is a contract of guaranty.    2 Rand. Com. Paper, § 829; 1 Dan. Neg. Instr. § 715; Sto. on Prom. Notes, § 133, *et seq.; Goode* v. *Martin,* 95 U. S. 90; *Essex County* v. *Edmunds,* 12 Gray, 273; *Howe* v. *Taggart,* 133 Mass. 284.

The reasons for this rule are that the amount of the debt, the time of credit, the names of the makers of the note are all agreed upon, the note is delivered, and the money passed without reference to any other person becoming obligated for payment.    Afterwards a third person indorses the note in blank. The Courts that hold this rule say he is not liable as a joint maker, because he had no part in the consideration, and the payee accepted the note without reliance upon him.

But, as was remarked by the Court in *Bank of Bellows Falls* v. *Dorset Marble Co.,* 61 Vt. 106, it is unnecessary to

examine the law in other jurisdictions, for we must be governed by our own decisions until there is occasion to reverse them. And it has generally been held by this Court that one not before a party to the note, who signs his name upon the back of it, in blank, is *prima facie* a maker, and assumes the same obligations as if he wrote his name upon the face of the instrument. In *Sylvester* v. *Downer, 20* Vt. 355, 49 Am. Dec. 786, the rule was extended and emphasized, for it is there declared that it makes no difference that the signing is long after the making of the note, and while it is in circulation, for the reason, as stated by Judge REDFIELD, that if the signer consents to be thus bound, and induces others to take the note under that expectation, he will be estopped to deny that fact, and will be treated the same as if he had signed the note at its inception. It was, however, held in that case, that the indorsement being in blank, the real obligation intended to be assumed—whether that of maker, guarantor or indorser—might be shown by parol evidence. In *Bank* v. *Dorset Marble Co.* this rule was recognized and reaffirmed.

In this case the plaintiff's evidence tended to show this situation : Folsom's name upon the note had become worthless, and the plaintiff wanted new signers, and, through its agent, applied to the defendants, apparently because they were officers of the company and interested in its behalf. The defendants placed their names upon the note for some purpose. Their signatures were evidence of some contract, and parol evidence was admissible to show what it was. By the original contract the plaintiff had taken the company's note, and loaned it money. By the defendants placing their names upon the note, that contract was to continue,—the plaintiff to hold the note, and the company to keep the money. The plaintiff claims that the defendants took the place of Folsom on the note, and that the con-

tract was then to run on indefinitely, and that in this way the defendants became joint promisors with the original makers and participated in the original consideration in the same manner they would have done if they had signed the note before its delivery.    On the other hand, the defendants contend that their liability was that of guarantors.

It cannot be held as a matter of law that the vote taken by the bank and its subsequent receipt of payments from the committee of the International Company, discharged that company. If the bank, in doing what it did in these respects, did not act in good faith towards Miller and Prouty, and the latter were prejudiced by those acts, then they had a defence to the extent to which they were thereby damaged.    Rob. Dig. 557-8.    If Miller and Prouty were sureties for the International Company and the plaintiff discharged the company, upon receipt of the dividend, without Miller and Prouty's consent, then they were discharged.

The fact that Miller, as manager of the defendant company, knew of the vote of the bank, and paid dividends to it, did not estop him or Prouty from taking advantage of the discharge of the company if it was discharged.    The question was whether the bank acted in good faith towards Miller and Prouty, and if not, whether the latter were thereby damaged, and these were questions for the jury.

It was not necessary for the plaintiff to show by direct evidence that the defendant company requested Miller and Prouty to sign the note.    This might be inferred from the fact that they were officers of the company, and from other circumstances attending their placing their names upon the note.

*Judgment reversed and cause remanded.*