BENJAMIN B. BAMFORD *vs.* SEWELL N. BOYNTON.

Essex.   November 12, 1908. — January 7, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Bills and Notes.   Practice, Civil.*

Where a promissory note is made payable to the order of the maker and is in-
dorsed by the maker, persons who indorse the note below the indorsement of
the maker before the delivery of the note do not become joint makers or
co-sureties, but have the rights against each other of successive indorsers.

At the trial of an action at law, in which no demurrer had been filed, the de-
fendant before the jury had been empanelled asked the presiding judge to
rule that upon the proof of all the allegations contained in the plaintiff's dec-
laration the plaintiff would not be entitled to recover.   The presiding judge
refused to make the ruling, and this court, holding that the refusal was right
because the declaration stated a good cause of action, found it unnecessary to
decide whether the defendant properly could question for the first time the right
of action stated in the pleadings after the case had been called for trial.

CONTRACT for the amount of a promissory note for $2,000,
which the plaintiff had indorsed after the defendant, and had
been compelled to pay.   Writ dated May 29, 1905.

The defendant did not demur, but filed an answer.

In the Superior Court the case was tried before *Crosby,* J.
The note declared upon was as follows:

"$2000.                                   Boston, Jan. 7, 1905.

"Four months after date the Bay Side Coal Co. promises to
pay to the order of the Bay Side Coal Co., two thousand dollars.
Payable at any bank Lynn, with interest.   Value received.
                      "Bay Side Coal Co.,
                              "Walter M. Magee, Treas."
Indorsements.
    "Bay Side Coal Co.
            By Walter M. Magee, Treas.
    J. P. C. Batchelder,
    Sewell N. Boynton,
    B. B. Bamford."

The plaintiff offered evidence tending to prove that early in
January, 1905, the defendant, who was the president of the Bay

Side Coal Company, brought the note to the plaintiff; that at that time there were on the back the following signatures: "Bay Side Coal Co., by Walter M. Magee, Treas., J. P. C. Batchelder, Sewell N. Boynton," the defendant; that the defendant handed the note to the plaintiff, and that the plaintiff signed his name on the back of the note, below the others; that the defendant said it was all right, and that the defendant gave no further reason to the plaintiff for wanting him to write his name on the note; that when the note became due the Essex Trust Company, which was the holder of the note, after having tried to get the money from the Bay Side Coal Company and from the defendant, made the plaintiff pay the note, and that the plaintiff had received nothing from any of the other indorsers on account of such payment. On cross-examination the plaintiff testified that before he paid the note he asked the defendant to pay part of the note, that is, something on it; that no figure was stated, and that Johnson, the treasurer of the Essex Trust Company, wanted the defendant to pay the whole of the note; that the plaintiff was a stockholder and a director in the Bay Side Coal Company and had a share in determining what would be done by the company and in developing the property; that he had put in about $7,000 in all, including the note, and had been interested in furnishing money to promote the company; and that just before the note in suit was made there was a previous note for $4,000, which the counsel for the plaintiff admitted was in the same form and with the same indorsers on it as the note in suit; that the plaintiff signed the note in suit, which was used to take up in part the first note, and that $2,000 was paid, being the balance due on the first note.

The first two indorsers on the note in suit were not called as witnesses.

The defendant offered evidence tending to show that the note in suit was negotiated for the account of the plaintiff under the following circumstances: That the previous note for $4,000 came upon the plaintiff and the defendant to pay, they being the only good indorsers on that note; that the defendant was ready to pay his half of the $4,000, but that the plaintiff was unwilling to pay his half; that the defendant paid his half and at the request of the plaintiff gave the note in suit for $2,000, covering the

plaintiff's half of the note for $4,000; that the note in suit was taken to the bank by the plaintiff and was discounted by the bank upon the credit and for the benefit of the plaintiff, and that the note in suit was identical with the first note except in time and amount, and was indorsed by the same indorsers.

Before the jury had been empanelled, the defendant asked the judge to rule upon the declaration and answer as follows: That proof of all the allegations pleaded by the plaintiff does not entitle him to recover because he alleges that he is one of several joint makers and indorsers of a certain described promissory note, and alleges payment of the same by himself, one of the indorsers, at its maturity after presentment and non-payment with notice, and the plaintiff brings this action upon the note against the defendant, one of his associates, as a successive indorser for the accommodation of a third party, to recover the amount paid by the plaintiff on the note, whereas according to his own allegations the plaintiff's relation to the defendant is that of a joint maker and indorser, and not that of a successive indorser for the accommodation of a third person.

The judge refused to make the rulings requested. The jury returned a verdict for the plaintiff in the sum of $2,341.83; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. E. Odlin*, for the defendant.

*S. Parsons, H. A. Bowen & J. F. Hannan*, for the plaintiff.

HAMMOND, J. It is settled, in this Commonwealth at least, · that in the absence of any agreement to the contrary in a case like this, the rights of the plaintiff and the defendant are not those of joint makers, or of co-sureties or guarantors, but are those of successive indorsers. *Lewis* v. *Monahan*, 173 Mass. 122, and cases cited. The declaration therefore was sufficient.

It follows that, even if the question involved in the ruling requested, not having been raised by demurrer, could have been raised for the first time by the defendant after the case was called for trial and before the jury were empanelled, the judge properly refused the ruling.

*Exceptions overruled.*