FIRST NATIONAL BANK IN MEDFORD *vs.* SAMUEL J. WOLFSON.

Middlesex.    January 10, 1930. — May 26, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Bills and Notes*, Indorser: waiver of demand and notice.

A waiver of demand and notice printed or written on the back of a negotiable promissory note at the time of its original execution and delivery, and not referred to in the terms preceding the maker's signature, is not embodied in it within the meaning of G. L. c. 107, § 133.

If, before delivery, a negotiable promissory note made by a corporation payable to a bank for money loaned the maker to assist it in financing the construction of a building, is indorsed by individuals who were the maker's treasurer and president, in that order, and above the treasurer's name were printed the words "Waiving Demand, Protest and Notice of Non-Payment," but it does not appear that the indorsers signed as joint parties or intended to be bound otherwise than in the order in which they indorsed, the second indorser, by reason of the provisions of G. L. c. 107, § 133, is not bound by such waiver.

CONTRACT, against an indorser before delivery, for a balance due on a promissory note for $5,000 described in the opinion.    Writ dated October 6, 1928.

The action was heard in the Superior Court by *Greenhalge*, J., without a jury.    Material facts found by him are stated in the opinion.    The judge ruled "that the printed words of waiver, having been upon the instrument prior to its execution as a note, are embodied in it and are binding upon the defendant under" G. L. c. 107, § 133, and found for the plaintiff in the sum of $3,163.50.    The defendant alleged exceptions.

*E. O. Proctor*, (*Q. I. Abrams* with him,) for the defendant.
*L. G. Brooks*, for the plaintiff.

SANDERSON, J.    This is an action of contract to recover upon a promissory note made by the R. & W. Realty Company, dated May 7, 1927, and payable to the order of the plaintiff, upon which before delivery the name of Isaac Rosenblatt was indorsed, and under that the name of the defendant.    Above the two signatures on the back of the

note were printed the words "Waiving Demand, Protest and Notice of Non-Payment." R. & W. Realty Company was a corporation. Each of the individuals whose names were on the back of the note owned approximately half of its stock, Rosenblatt being its treasurer and the defendant its president. When the application was made the plaintiff's directors authorized a loan to the corporation upon its note with the indorsements of the two individuals. The money was loaned to assist the corporation in financing the construction of a building. There was no demand, protest or notice of non-payment so far as the defendant is concerned, and unless he is bound by the printed waiver on the back of the note the plaintiff cannot recover.

The trial judge ruled, subject to the defendant's exception, that the printed words of waiver, having been upon the instrument prior to its execution as a note, are embodied in it and are binding upon the defendant under the statute, and found for the plaintiff. G. L. c. 107, § 133, provides: "Where the waiver is embodied in the instrument itself it is binding upon all parties; but where it is written above the signature of an endorser it binds him only." Section 18 provides that in certain named sections "the following words, unless the context otherwise requires, shall have the following meanings: . . . 'Written' includes printed, and 'writing' includes print."

The negotiable instruments act, G. L. c. 107, § 86, provides: "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." *Toole* v. *Crafts*, 193 Mass. 110. *Fourth National Bank of Boston* v. *Mead*, 216 Mass. 521. *Fletcher* v. *Sturtevant*, 235 Mass. 249, 252. "The purpose of the negotiable instruments act was to make uniform throughout the United States the law upon commercial paper by means of the adoption by the Legislatures of the several States and by Congress of substantially identical statutes . . . It ought to be interpreted so as to be a help and not a hindrance to the easy ascertainment of the rights and liabilities of the several

parties to commercial paper." *Fourth National Bank of Boston* v. *Mead,* 216 Mass. 521, 523, 524.

G. L. c. 107, § 91, provides that as respects one another indorsers are liable *prima facie* in the order in which they indorse, but evidence is admissible to show that as between or among themselves they have agreed otherwise. There was no finding that the indorsers signed as joint parties or intended to be bound otherwise than in the order in which they indorsed. *Bamford* v. *Boynton,* 200 Mass. 560, 562. In *Weeks* v. *Parsons,* 176 Mass. 570, 575, the finding was made that it was intended and understood that the indorsements were to be joint and not several. It is unnecessary to decide whether the rights of the parties would be the same if they had been found to have entered into a joint undertaking as indorsers. The word "instrument" refers to one that is negotiable, G. L. c. 107, § 18; and to be negotiable the instrument must conform to the statutory requirements. G. L. c. 107, § 23. If the waiver appears among the terms preceding the signature of the maker, and to which he subscribes, the first part of § 133 applies. In contrast to this part of the section is the provision relating to a waiver above the name of an indorser which binds him only. The indorsement must be written on the instrument itself or upon a paper attached thereto. G. L. c. 107, § 54. The second part of § 133 refers to a waiver above the signature of any such indorser. Parties to a promissory note may make as part of their contract contemporaneous stipulations "not contained in the body. of the instrument," but appearing elsewhere upon it. *Barnard* v. *Cushing,* 4 Met. 230, 231. *Shaw* v. *First Methodist Episcopal Society,* 8 Met. 223, 226. *Costelo* v. *Crowell,* 127 Mass. 293, 294.

A waiver of demand and notice printed or written on the back of the note at the time of its original execution and delivery, and not referred to in the terms preceding the maker's signature, and to which he subscribes, is not embodied in it within the meaning of the statute. *Stuhldreher* v. *Dannemiller,* 26 Ohio App. 388. *Mooers* v. *Stalker,* 194 Iowa, 1354, 1359. The common law of Massachusetts as

enunciated in *Central Bank* v. *Davis*, 19 Pick. 373, established the rule that a waiver of notice without more written above his name by an indorser passing title binds him only. Section 133 of the act seems to have been intended to make a similar rule applicable to any waiver in general terms, such as existed in the case at bar, placed above the signature of an indorser, whether it was upon the instrument when delivered or placed upon it later, whether it was printed or written, and whether the indorsers signed at the same or at different times. Subsequent indorsers do not merely by indorsing impliedly adopt such a waiver of notice in prior indorsements. *Murray* v. *Nelson*, 145 Tenn. 459. It is evident from the terms of G. L. c. 107, § 132, that parties may bind themselves by a contract to waive their right to demand, protest and notice, and we do not intend to intimate that all indorsers would not be bound by signing under one waiver if it is so expressed as to indicate that all intend to be bound by its terms, but there is nothing in the language of the waiver in the case at bar to take it out of the rule established by statute that the waiver was a part of the contract of the first indorser only. The case most directly in point, *Central National Bank of Portsmouth* v. *Sciotoville Milling Co.* 79 W. Va. 782, seems to have reached the conclusion upon facts somewhat similar to those in the case at bar that all indorsers signing under the waiver had agreed to its terms, while other cases tend to support the conclusion herein reached. *Mooers* v. *Stalker*, 194 Iowa, 1354. *Murray* v. *Nelson, supra. Stuhldreher* v. *Dannemiller, supra. Lyndon Savings Bank* v. *International Co.* 78 Vt. 169, 177. We are of opinion that the fact that the waiver was printed on the note and was in existence before the note was negotiated or became effective did not justify the conclusion that it was embodied in the instrument. The defendant was as matter of law entitled to a finding in his favor.

*Exceptions sustained.*
*Judgment for the defendant.*