Harry M. Singleton, Ex'r. vs. Damase Cote, alias, et al. }Law No. 4403.

November 21, 1931.

WALSH, J. Heard. Jury trial waived.

This is a suit on a promissory note, made in Fall River, Mass., December 9, 1924, payable 6 months after date with interest at 6% per annum, payable to Henry R. Groce, signed by Damase Coté, and upon the back thereof a guaranty of the payment and waiver of notice of non-payment, protest, etc., under which printed guaranty appear the names William Rostron and Catherine Rostron. The suit is by Harry M. Singleton, executor of the will of Henry R. Groce, against the maker, Coté, and the two guarantors, William Rostron and Catherine Rostron, to recover a balance of $2,861.63 claimed to be due on the principal and $171.66 interest, a total of $3,033.29. The note was secured by a mortgage upon real estate situated in Fall River, Mass., under which mortgage a foreclosure sale took place on August 19, 1930, and the mortgaged premises were sold for $1,500. After deducting the expenses of sale and back taxes of $149.52, a balance of $1,298.37 was credited on the note as payment. The mortgagee received payment of interest in advance upon said note every six months from December 9, 1924 to June 2, 1929, and there is no evidence that the alleged guarantors expressly assented to any extension of time of payment of the note.

Defendant Coté originally owned the real estate in question. There was this mortgage of $4,000 upon the property. He sold the premises to Catherine G. Rostron, daughter of William Rostron

and Catherine G. Rostron, the alleged guarantors, and Catherine G. Rostron, the daughter, as a part of the consideration for the purchase price, assumed and agreed to pay the mortgage on said premises, and her father and mother signed as guarantors upon the back of the original note of Damase Coté.

Defendant Coté contends that under the laws of Massachusetts where a grantee assumes and agrees to pay a mortgage on the property conveyed, grantee becomes as between himself and his grantor the principal and the mortgagor becomes a surety and the mortgagee is bound if he assents to it; but if the mortgagee extends the time of payment of the mortgage note, the mortgagee thereby accepts the grantee as principal and the mortgagor as surety and by such extension of time without the mortgagor's consent, relieves the mortgagor from his liability as surety.

This was a mortgage note and all the parties must have contemplated that the principal sum in the nature of things could not be paid by the grantee within the time limited in the note and that extensions upon payment of interest in advance were to be expected. There is evidence that the maker of the note, Coté, procured the signatures of the guarantors on the back of the note in order to facilitate the transaction with the mortgagee. There is no evidence in writing between the mortgagee and grantee whereby the mortgagee obtained a new stipulation running to himself (*Franklin Savings Bank* vs. *Cochrane*, 152 Mass. 586) unless we deem the guaranty on the original note to be such. We cannot find anything in the guaranty which materially affects the rights of the surety or which prevents him from paying the debt and having an immediate remedy against the principal debtor. (*Cambridge Savings Bank* vs. *Hyde*, 131 Mass. 77.) The only interpretation possible from the evidence is that Coté gave additional security in the form of a guaranty to the mortgagee when he transferred the property to the grantee upon her assumption of and agreement to pay the original mortgage note. If any variation in the contract was made, it was made with Coté's consent. In view of the testimony that Coté was present and assented to all the proceedings which culminated in the transfer of the property to the grantee by him and that he was intsrumental in procuring the guaranty, we feel that Coté gave his full assent to the transaction and hence we feel that he should not be discharged from liability.

It is conceded that William Rostron is liable as guarantor but it is contended that Catherine G. Rostron, the mother of the grantee and the other guarantor, is not bound by the provisions on the back of the note as to waiver of notice of non-payment, protest, etc., because the waiver does not appear to be "joint and several" and in the absence of the words "joint and several," such waiver of demand and notice is binding only upon the person whose name appears directly beneath it. (*First National Bank in Medford* vs. *Wolfson*, 271 Mass. 292.) Catherine G. Rostron, guarantor, testified that she put the property in her daughter's name; that the daughter's name is the same as her own, Catherine G. Rostron; that the receipts for interest were made out to Catherine G. Rostron; that she, the mother and guarantor, made all the payments and received all the rents from the property; that she and her husband placed their names upon said note as guarantors at the request of Mr. Coté; that she, the mother, has already paid in about $3,000 on said property; that she received no notice of demand from the mortgagee and that the only mail she received was a clipping from a newspaper advertising the foreclosure sale;

that she never saw Mr. Groce, the mortgagee.

There is evidence here to show that the guarantors at the time of the endorsement did not intend to be liable in the order in which they endorsed. From the facts in the case, the title being taken in the name of their daughter, for instance, it is reasonable to assume that their intention was to become jointly liable. (*Weeks* vs. *Parsons*, 176 Mass. 570, 575.) The conduct of Catherine G. Rostron, mother and guarantor, after taking over the property leads us to believe that she considered the property as hers and assumed full dominion and control over it. The great weight of the evidence tends to show that Catherine G. Rostron, the mother, was really the principal in the transaction and that she used her daughter's name solely as holder of the bare legal title. The negotiable instruments law as set forth in the Massachusetts statute (Sec. 133 of the Act), pertaining to waiver of demand and notice, as we interpret it. applies to subsequent endorsers. If two persons affix their names at the same time under a waiver and if it clearly appears that at that time both intended to be bound by the waiver and that the suit is between the original parties to the note and not one where a bona fide purchaser for value and without notice is concerned, we think the facts and circumstances of such signing may be admissible to show a joint undertaking or otherwise. On the evidence in this case, we must find that Catherine G. Rostron, guarantor, signed this guaranty at the same time as her husband with the intention to become jointly liable with him and that the waiver under such circumstances affects her equally with her husband.

We find, therefore, that the defendants, Coté, William Rostron and Catherine G. Rostron, are liable, respectively, as maker and endorsers to the plaintiff under the terms of the note in question. As the foreclosure sale was held subject to unpaid taxes, we must deduct from the claim of plaintiff the sum of $149.52, the back taxes of 1929.

Decision for plaintiff for $2,883.77.

For plaintiff: Sheffield & Harvey.

For defendant: Flint, Moore & Curry.