GEORGE PROCTOR & another *vs.* BARTHOLOMEW J. HARTIGAN.

Suffolk.   January 17. — 31, 1887.   HOLMES & GARDNER, JJ., absent.

In an action by the payee against the acceptor of an order, above whose acceptance were written the words, "To be paid out of the last payment," evidence is admissible that the words quoted were understood and agreed by the parties to mean that the order was only to be paid out of the last payment provided for in a building contract between the drawer and the acceptor, and that, if the drawer did not fulfil his contract so that said payment became due, the acceptor would not be liable to the payee on the order; and evidence is also admissible that the acceptor's architect told the payee to write into the order the words, "To be paid out of the last payment under the contract," that the payee then wrote the words appearing on the order, saying that there was not room to write the rest, and that would do just as well, and that the architect and the acceptor assented to it.

If A. draws an order on B., which he accepts, for the payment of a sum of money to C., "to be paid out of the last payment," which words are understood by the parties to mean that the sum named in the order is to be paid out of the last payment to become due to A. under a written contract with B., which is afterwards broken by A., so that the last payment contemplated by it never becomes due to him, the acceptance of the order by B. is conditional, and C. cannot maintain an action thereon against B.

CONTRACT against the defendant, as acceptor of the following order:

"$500.                         Boston, August 19, 1882.

"Bartholomew J. Hartigan, pay to the order of Proctor & Drummey five hundred dollars, value received, and charge the same to the account of

.."James Walsh.

"To be paid out of the last payment.
"I accept this order.

"B. J. Hartigan."

Answer, a general denial, and that the acceptance was conditional, and related to the last payment to be made on a contract which, at the time of said acceptance, was in force between said Walsh and the defendant; that Walsh never performed said contract; and that no last payment ever became due and payable to Walsh, to which said order would apply. By the terms of the contract, a copy of which was annexed to the answer, Walsh agreed to build a house for the defendant for $2700, and the defendant agreed to pay him therefor in instalments, the last two being $300 on the completion and acceptance of the building, and $800 in thirty-one days thereafter.

After the former decision, reported 139 Mass. 554, the case was tried in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs put in evidence the order, the signatures thereto being admitted, and introduced evidence, which was uncontradicted, that, at the time the order was accepted, the defendant was owing to Walsh the sum of at least $500; that he afterwards paid Walsh that amount; that that sum was the last payment actually made by the defendant to Walsh under said contract; that, relying upon the acceptance of said order, they furnished to Walsh, for the defendant's building, lumber to the amount of $250 after said acceptance; and that, before said acceptance, they declined to furnish any more lumber for the building, unless they were paid for what they had furnished, or an order was accepted by the defendant.

The plaintiffs also introduced evidence of a demand upon the defendant for payment of the amount of the order, made immediately after Walsh broke his contract, and again after said building was completed by the defendant.

The defendant was permitted, against the objection and exception of the plaintiffs, to introduce evidence tending to prove that the meaning of the words on the order, " to be paid out of the last payment," meant, and were understood and agreed by the parties to mean, that the order was only to be paid out of the last payment to Walsh provided for in the contract; and that, if Walsh did not fulfil his contract so that said payment became due and payable, the defendant would not be

liable to the plaintiffs on said order. The evidence upon this point was conflicting.

The defendant was also permitted, against the objection and exception of the plaintiffs, to introduce evidence that the defendant's architect, Lafield, told the plaintiff Proctor to write into the order the words, "to be paid out of the last payment under the contract;" that Proctor took the order and wrote in the words,. "to be paid out of the last payment," and returned the order to Lafield, saying that there was not room to write the rest, and that would do just as well; and that Lafield and the defendant assented to it.

It was not controverted that Walsh absconded, and did not complete the building according to the contract. It was also conceded that, at the time Walsh abandoned the work, the defendant had paid him in all $1300, the last $500 of it having been paid after the acceptance of said order; that the payment was made without the knowledge or consent of the plaintiffs; and that that was the last payment that ever became due to Walsh from the defendant, or that was paid to him on account of said contract. It was also in evidence, uncontroverted, that, after Walsh had absconded and abandoned the contract, the plaintiffs went to the defendant and offered to complete the building according to Walsh's contract for the sum of $1200, — but whether the plaintiffs offered to apply the order in suit as a payment of $500 towards said $1200 was in dispute, — which offer the defendant declined, and completed the building by hiring the work done by days' work. The building was so completed by the defendant, and has since been occupied by him.

The plaintiffs requested the judge to instruct the jury as follows: "1. The order is evidence of an assignment by Walsh of so much of his money in the hands of the defendant to the plaintiffs, and the acceptance by the defendant is evidence that he would owe so much money, and this is a direct contract between the defendant and the plaintiffs to pay a certain sum at a time after the acceptance. 2. The direction to be paid out of the last payment is a designation of the funds out of which the payment was to be made; and if payment was due to Walsh after the acceptance which he received, then the defendant is

liable.   3. The direction to be paid out of the last payment is a designation of the funds out of which the payment was to be made ; or if a payment was due to Walsh after that, that must be regarded as the last payment to Walsh, unless another payment actually became due, and the defendant would be liable, upon the acceptance of the order, to the plaintiffs, and would be entitled to deduct the amount of the order from said payment. 4. Even if this was a part of the order, it was by no means a condition precedent to the right of action by the plaintiffs that Walsh should complete the contract personally, and the defendant could complete it, and, after taking out his expenses in so doing, he would be bound to apply the balance in the same manner as he would have done had Walsh completed the contract ; and, in completing it himself, he became liable to follow the contract, and not vary it, and use reasonable care for the benefit of the plaintiffs.   5. If the jury should find that the sum of $500, by the terms of the order, was to be paid out of the last payment under the contract existing between Walsh and the defendant, and also find that the defendant, in completing the building after Walsh left, did not follow the contract, but varied it, he abandoned the contract ; and if, after the giving of .the order to the plaintiffs, he paid Walsh a sum equal to the amount of the order, and it was the last payment he paid him, this was the last payment under the said contract, and he should be held liable.   6. It is immaterial whether Walsh completed the contract or whether the defendant completed it; if, after this order was accepted, there was at any time the sum of $500 or any other sum due Walsh from the defendant under the contract, the defendant had no right to pay it or any part of it to Walsh without the knowledge and consent of the plaintiffs, but it was his duty to retain to the amount of the order on the defendant's final or last settlement with and payment to Walsh, and pay the same to the plaintiffs.   7. The defendant, after accepting the said order, had no right to make any advance to Walsh that should reduce the sum due Walsh on the final settlement below the amount of the order."

The judge declined to give the instructions requested, but instructed the jury that, under the pleadings, the verdict of the jury must be for the defendant, if, at the time of the acceptance,

the words " to be paid out of the last payment " were under-stood and agreed by the parties to the order to refer to the last payment called for by the contract; that, if they believed the words " to be paid out of the last payment " were understood and agreed by the parties to refer to the last payment called for by the contract with Walsh, and if Walsh failed to com-plete the contract without fault on the part of the defendant, the time of payment never arrived, and the fund from which payment was to be made, never existed, and the defendant was not liable on this acceptance, under these pleadings; and that, by the legal effect of the words " to be paid out of the last pay-ment," considered in connection with the contract between the defendant and Walsh, the order was not payable until thirty-one days after Walsh had fulfilled that contract, and then out of the $800, the fund which then would become due to Walsh.

The jury returned a verdict for the defendant; and the plain-tiffs alleged exceptions.

*H. F. Naphen*, (*R. Lund & C. H. Welch* with him,) for the plaintiffs.

*J. F. Cronan*, for the defendant.

BY THE COURT. The defendant did not unconditionally accept the order in the plaintiff's favor. He accepted it " to be paid out of the last payment." These words are ambiguous, and, without some extrinsic explanation, are not intelligible. It was decided at the former hearing of this case, that evidence of the contract with Walsh, and of the acts and conversation of the parties at the time the acceptance was signed, was competent to aid in the construction of the writing. *Proctor* v. *Hartigan*, 139 Mass. 554. The evidence put in by the defend-ant at the second trial, to which the plaintiffs excepted, was therefore admissible.

Upon all the evidence, the jury have found that the contract of the parties was that the sum named in the order should be paid out of the last payment to become due to Walsh under his written contract with the defendant. In other words, the acceptance was conditional, and bound the defendant to pay out of such last payment. It was admitted that Walsh abandoned his work, and broke his contract, so that the last payment con-templated by the contract never became due to him.

The meaning of the parties was, that the order should be paid out of the sum which should become due to Walsh as the last payment provided for by the contract.

It follows that the condition upon which the defendant was to be liable to pay the order to the plaintiffs has not happened, and that he is not liable in this suit. The instructions requested by the plaintiffs were rightly refused, and those given were appropriate and sufficient.                *Exceptions overruled.*