# CHARLESTON.

CENTRAL NATIONAL BANK OF PORTSMOUTH V. SCIOTOVILLE MILLING Co. *et al.*

Submitted February 27, 1917. Decided March 6, 1917.

BILLS AND NOTES—*Protest—Waiver—Statute.*

Both at the common law and under §110, ch. 98A, Code, where a negotiable instrument contains on the back thereof a printed waiver of protest and notice of dishonor, and several persons before its delivery to the payee, at the same time and in regular order sign their names in blank beneath such printed form, the waiver binds alike all, not merely the first, of such indorsers.

Error to Circuit Court, Cabell county.

Action by Central National Bank of Portsmouth against the Sciotoville Milling Company, Elizabeth L. Wriston, and others. Judgment for plaintiff, and defendant Elizabeth L. Wriston brings error.

*Affirmed.*

*A. G. Robinson, Daugherty & Riggs* and *Williams, Scott, & Lovett,* for plaintiff in error.

*John C. Milner, Noah J. Dever* and *Meek & Renshaw,* for defendant in error.

LYNCH, PRESIDENT:

The controlling if not the sole question presented for determination in this case is whether one only or all of the indorsers who successively write their names on the back of a negotiable instrument below a printed waiver of protest and notice of dishonor are bound thereby. The note involved is one for $4400 payable to plaintiff, executed by the Sciotoville Milling Company as maker. The name of Elizabeth L. Wriston, who complains of the judgment rendered against her, is the second name written below the printed waiver. The case was tried by the court, by agreement of the parties, upon a stipulation of the facts signed by counsel.

On the back of the note, and printed thereon is the follow-

ing: ''The within note is hereby indorsed and demand, notice of non-payment and protest waived''. Below it these signatures appear in the order named: W. F. Marting, Elizabeth L. Wriston, C. L. Marting, L. E. Marting and W. E. Tobert. These signatures were affixed in Ohio before delivery of the note to the payee, who paid therefor a valuable consideration to the maker.

The judgment was rendered against Elizabeth L. Wriston only. She contends that no liability against her as an indorser attached, because the note when due was not presented for payment at the place designated for that purpose, and no notice of the protest given to her. But if by signing her name in the manner indicated she waived these requirements, as the circuit court evidently found, non-compliance therewith is wholly immaterial in any phase of the case.

For her it is insisted that, by section 110 of the negotiable instruments act, in force in the state of Ohio when the contract was entered into, the waiver clause operated as an exemption only as to the person represented by the first signature thereunder. That section provides: ''Where the waiver is embodied in the instrument itself it is binding upon all parties; but where it is written above the signature of an indorser it binds him only''. This provision she would have us interpret to exclude her; and for this construction she cites *Lyddon Savings Bank* v. *International Co.,* 78 Vt. 169. Even if the principle therein stated be conceded to be sound, that case readily is distinguishable from this. There the indorsers released placed their names upon the paper after its delivery. Their contract of indorsement was separate from and independent of that made by the former indorsers. But in the instant case all the parties to the note executed it at the same time, apparently with full knowledge that the waiver then was printed on the back thereof, and was one of the conditions of its acceptance by the payee.

Moreover, at the common law, the weight of authority is to the effect that all indorsers who sign below a waiver of protest are concluded by it, though it begins with ''I hereby waive'', where nothing therein indicates a different intent. Likewise, when not written by the first indorser, but printed

or stamped above the names of others in the same relation, the waiver is presumed to be the contract of all of them. *Farmers Bank* v. *Ewing,* 78 Ky. 266; *Bank* v. *Altura Gold Mining Co.,* 61 Pac. 1077. And in *Portsmouth Savings Bank* v. *Wilson,* 5 App. D. C. 8, where before the instrument was put into circulation, the indorsers signed beneath a printed waiver, the court enforced the presumption that they saw and read the words and adopted them as part of their contract. See also in support of the same proposition *Parshley* v. *Heath,* 69 Me. 905; *Johnson* v. *Parker,* 86 Mo. App. 860, holding the indorsers bound by the waiver, although they placed their names under it at different times, without knowing it was on the paper when indorsed by them. "The indorsers of a note which has upon its back a printed waiver. of notice of non-payment, the blanks in which are not filled out, are bound by the waiver, as if they did not intend to be bound they should have cancelled it". *Loveday* v. *Anderson,* 51 Pac. 468.

It is argued, however, that, as by the section cited a distinction is made between "all parties" in the first provision and only one in the second, the contract of indorsement did not bind subsequent indorsers. We can not accept that conclusion. A more sound and potent reason indicates the aptness of the terms used by the draftsman. Originally there may be and usually is more than one party to a negotiable instrument besides an indorser, all of whom the statute intended should be controlled by a waiver written into it. There may be and often is but one indorser; frequently none except the payee, who negotiates it. It is more reasonable to assume that the purpose of the section was to declare, not to abrogate, the common law rule governing that subject. Its plain intention, we think, is that where there are several indorsers the waiver binds those who sign under it, and not those who do not so sign; but if all of them do place their signatures under it, with or without knowledge that it is printed or stamped thereon at that time, it will render unnecessary presentment for payment and notice of dishonor.

Being of this opinion, we affirm the judgment.

*Affirmed.*