CONFIDENTIAL FINANCE COMPANY, RESPONDENT, v. SAMUEL MONASTERSKY, JACOB MONASTERSKY, DEFENDANTS; WILLIAM V. FISCH AND WILLIAM POLESHUCK, DEFENDANTS-APPELLANTS.

Submitted October 1, 1929—Decided January 2, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellants, *Herman B. J. Weckstein.*

For the respondent, *Isador V. Davis.*

The opinion of the court was delivered by

PARKER, J.  The only point calling for any particular consideration is the legal effect of the clause of waiver of protest and notice on the back of the note in suit, made by Samuel Monastersky and endorsed by the other three defendants.  It is conceded that no notice of dishonor was given as required ordinarily by statute and common law.

The note was endorsed as follows:

"Protest and notice of non-payment of this note is hereby waived [*sic*].

WILLIAM V. FISCH,

J. MONASTERSKY,

WILLIAM POLESHUCK."

There was no denial of the signatures, and the defenses specified in response to a demand were, first, failure to give notice of protest, second and third, some vague allegation of laches or estoppel.  The court directed a verdict for plaintiff against all the defendants, after refusing a nonsuit, for which no ground was urged.

The first point now made is that a waiver in the form set out above binds only the first endorser signing thereunder (in this case Fisch) and not later endorsers such as Poleshuck, in view of the language of section 110 of the Negotiable Instruments act.  *Comp. Stat., p.* 3747.

Our examination of the case leads us to the contrary result.

The plaintiff is a corporation licensed under the act of 1914, page 75, and supplements and amendments thereto, to make loans not exceeding $300 at rates of interest in excess of the usual limit of six per cent.  The case shows that the three endorsers (designated as such by section 63 of the Negotiable Instruments act—*Comp. Stat., p.* 3742) affixed their names to induce plaintiff to accept the note and loan the money.  Appellant Poleshuck himself testified that Fisch and Monastersky (whether Samuel the maker or William the endorser is not stated) were with him when he signed.  Whether the waiver clause is in writing, or printed, on the back of the note is likewise not apparent from the evidence;

but it is not suggested that it was not there when Fisch signed immediately under it, and when J. Monastersky and Poleshuck signed directly under Fisch's signature.

The language of section 110 is as follows:

"Where the waiver is embodied in the instrument itself it is binding on all parties; but where it is written above the signature of an endorser, it binds him only."

We are content to assume for present purposes that the waiver clause now under examination is not "embodied in the instrument itself," though judges have disagreed on that point. *Mooers* v. *Stalker* (*Iowa*), 191 *N. W. Rep.* 175, dissenting opinion by Mr. Justice Evans. So assuming, the question then is whether the waiver is "written above the signature" of Poleshuck in the sense intended by the second clause of section 110. We approve of the view, *obiter* perhaps, expressed in the prevailing opinion of the Iowa court in the case just cited, that "the language of the waiver may be such as to obviously bind each and every endorser on the note without having it specifically repeated above the signature of each endorser. This happens, for example, where a group of accommodation endorsers sign together under one waiver obviously intended to bind all." A careful reading of the Iowa case will show that the language and position of the several endorsements were such as to indicate a very different situation. It is further noteworthy that the court cited with approval the West Virginia case of *Central National Bank* v. *Sciotoville Milling Co.* 91 *S. E. Rep.* 808, in which the position of the endorsements corresponds exactly with that in the present case, and it likewise appeared that all the endorsements had been signed before plaintiff took the note for value, and all were (as here) what may be called "outside" endorsements, *i. e.*, by parties not in the line of negotiation of the note.

The West Virginia court upheld a judgment against the second of a group of several endorsers signing under the waiver clause, though it was admitted that she had not been notified of non-payment.

The statute says: "Written above the signature of an en-

dorser." It does not say immediately above, or in juxta-position with such signature. If the waiver clause had read "we hereby waive," &c., the intent of all signing in succession under that clause would be clear. Couched in the passive voice, the clause is applicable to one or several signers; and our conclusion as to the meaning of section 110 is that it was never intended to require a separate waiver clause for every endorser, but still recognize the fact of several signing under the clause with intent to be bound thereby.

We think also that the direction of a verdict was proper. There could be no question as to Fisch, who signed directly under the waiver. As to Poleshuck, his own testimony is that all the endorsers were together and that he signed an "application" and endorsed the note and made a statement to satisfy the plaintiff in accepting him as an endorser.

The suggestions of laches and estoppel are without merit. If the endorsers were not entitled to notice, delay of several months in enforcing the note against them is immaterial.

The judgment will be affirmed.