## NEW JERSEY MORTGAGE AND LOAN COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. ABRAM POPICK AND LOUIS WEISS, DEFENDANTS-APPELLEES.

Submitted October 16, 1931—Decided December 2, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-appellant, *Aaron Van Poznak.*

For the defendants-appellees, *Louis K. Press.*

PER CURIAM.

The plaintiff was a small loan company organized under the laws of 1914. *Pamph. L., p. 75.* On December 20th, 1927, it loaned one Adolph Shuzl $300 and secured from him a note endorsed by Abram Popick and Louis Weiss. On the same day it made a similar loan to Nettie Shulz, who was the wife of Adolph Shulz, the note being endorsed by the same endorsers who had endorsed the note of Adolph Shulz.

The District Court found that each note was a separate transaction; hence the rule laid down in *Easy Term Loan Co. v. Silberman,* 100 *N. J. L.* 67, had no applicability to the loans in so far as the makers were concerned.

The principals having defaulted the action was brought against the endorsers. The District Court held that the endorsers were liable for a sum in excess of $300, and, therefore, there could be no recovery. The court also held that the

notes were null and void for the reason that the note itself contained a clause providing for the waiver of notice of dishonor by the endorsers.

The two actions were tried together, but an appeal was taken in the action brought on the note made by Adolph Shulz, and by stipulation of the parties it was agreed that the decision of this court in that case would be dispositive of both actions.

The note in suit was made prior to the amendment of the Small Loan Company act of April 3d, 1928 (*Pamph. L., p. 497*), and is, therefore, controlled by the act of 1914. *Pamph. L., p. 75.* Section 5 of that act, in part, provides as follows: "No loan or advancement greater than three hundred (300) dollars shall be made to any person nor shall any one person owe such licensee more than three hundred (300) dollars at any time."

The District Court held that since the endorsers were liable for more than $300 the transaction was void under section 6 of the act and there could be no recovery. In this there was error for the statute does not preclude an endorser from being liable for more than $300, but does provide merely that no loan or advancement greater than $300 shall be made to any one person. But it is contended that the endorsers, as endorsers, owed more than $300 and that hence the transaction was void.

The liability of endorsers is not fixed until default of the principal debtor. When the loans were granted these endorsers did not owe in excess of $300. There was a contingent liability for an unliquidated amount dependent upon performance or non-performance by the principal debtors. If one or both of the principal debtors had paid, the endorsers would never have been liable for more than $300. Hence, there was not a violation of the statute. We cannot assume that the legislature intended by the use of the words "nor shall any one person owe more than $300 at any time" to void a transaction like the present. We are further fortified in this view by the language used by the legislature when

it amended section 5 of the act of 1914 (*Pamph. L.* 1928, p. 497 (at p. 498), by inserting the words "directly as maker or indirectly as endorser or guarantor." Obviously, the legislature realized that the earlier statute did not void transactions where the endorsers became liable for more than $300, and expressly voided such transactions in the latter act.

The note contains the following clause: "Present, demand, notice and protest are hereby waived, and the total sum with interest shall become due and payable at the option of the New Jersey Mortgage and Loan Company in case of default of any payment of principal or interest or both."

The statute provides in part as follows: "No charges, bonus, fees, expense or demands of any nature whatsoever other than interest as above provided shall be made upon such loans or advancements except upon the actual foreclosure of the security or upon the entry of judgment." And the trial judge held that the provision in the note respecting waiver of protest and notice of dishonor was an exaction of more than was permitted under the statute and that, therefore, the note was void under section 6, *Pamph. L.* 1914, p. 75. In this we think there was error. Whether the waiver of notice of presentment and protest bound the endorsers the same appearing upon the face of the notes, we do not decide. *Confidential Finance Co.* v. *Monastersky,* 148 *Atl. Rep.* 183. But we do hold that the waiver clause cannot be construed either as a charge, bonus, fee, expense or demand of any nature whatever, and hence, it did not void the instrument.

The judgment below is reversed, with costs.