ATTLEBORO TRUST COMPANY *vs.* EMIL L. JOHNSON & another.

Bristol.    October 24, 1932. — March 31, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Bills and Notes*, Waiver of demand and notice, Accommodation paper. *Pledge*, Foreclosure. *Negligence*, Of pledgee.

A partnership composed of two partners signed as maker for the accommodation of one of the partners a promissory note payable to a trust company, and each partner indorsed it under a statement which

recited that "Each of the undersigned" agreed to waive demand and notice. All parties agreed that interest thereon should be paid monthly by deducting the amount thereof from a checking account kept by the partnership with the trust company. It then was delivered to the trust company, which gave credit for its face value upon a collateral note for a larger amount given it for a personal loan by said accommodated partner, who was the second indorser of the smaller note. After a time the checking account was withdrawn from the trust company and the other partner gave as a reason therefor that he was not going to pay the smaller note or the interest on it. In an action on the smaller note there was a finding for the plaintiff and, upon exceptions by the defendants, it was *held*, that

(1) From the circumstances attendant on the making of the note in suit and from the relationship of the parties, the judge was warranted in finding that the second indorser intended to be bound by the express agreement indorsed on the note and hence that he expressly waived demand and notice;

(2) Notice to the second indorser was not required under G. L. (Ter. Ed.) c. 107, § 138, he being the accommodated party;

(3) Findings were warranted that the second indorser had no reason to believe that the note, if it had been presented, would have been paid, and that therefore presentment was not required.

On the evidence at the trial above described, a finding was warranted that the plaintiff was not negligent with respect to a shipment for sale, to brokers selected by the accommodated partner, of collateral which secured his larger note to the plaintiff, although the shipment was not made with draft attached and, before remittance by the brokers, they were subjected to a receivership.

A further finding was warranted that the plaintiff was not negligent in having permitted a week to elapse, after the shipment of collateral above described, without making demand upon the brokers, it appearing that the plaintiff had no knowledge that the brokers were in financial difficulties and a week not being an unusual period to elapse between a sale of collateral and settlement therefor.

It appearing at the trial above described that, although requested by the plaintiff to do so, the maker of the larger note refused to file in receivership proceedings against such brokers a claim for the amount received by them on the sale of the collateral, and that the plaintiff thereupon filed such a claim and assented to a composition offer which did not appear not to be a prudent arrangement but which did not result favorably to the plaintiff or to such maker, it was *held*, on the evidence, that there was no basis for inferences which the defendants suggested that the plaintiff accepted what it received under the composition offer in payment of, or in substitution for, the obligations on either of the notes.

CONTRACT. Writ dated August 29, 1930.

In the Superior Court, the action was heard by *T. J. Hammond*, J., without a jury. Material evidence is stated

in the opinion. The judge found for the plaintiff in the sum of $5,426.81. The defendants alleged exceptions.

*E. A. Hathaway*, for the defendants.

*E. F. Thayer*, for the plaintiff.

DONAHUE, J. The plaintiff as payee and holder has brought suit on an unsecured promissory note for $5,000, payable on demand and dated October 30, 1929. It was given for the accommodation of the defendant Lundsten and was signed as maker by J and L Tool Company, a partnership composed of the defendants Johnson and Lundsten, each of whom indorsed the note before delivery. The plaintiff at the time held a $20,000 note, secured by the deposit of collateral, given by Lundsten for a personal loan which had been made to him by the plaintiff in April, 1929. Upon receipt of the note for $5,000 here in suit the plaintiff credited on Lundsten's $20,000 note the payment of $5,000. The case was heard by a judge of the Superior Court sitting without jury who found for the plaintiff in the sum of $5,000 and interest. The case comes to this court on the defendants' exceptions to the refusal of the judge to give certain rulings requested by the defendants.

1. The note was in terms payable at the place of business of the plaintiff. All parties agreed when the note was made that interest thereon should be paid monthly by deducting the amount thereof from the checking account kept by the partnership with the plaintiff. For seven months the interest was so paid without objection and debit slips indicating the payment were sent monthly to the partnership. In June, 1930, the partnership account was withdrawn from the plaintiff trust company. When asked by the plaintiff as to the reason for the withdrawal of the account the defendant Johnson stated that he was not going to pay the note or the interest on it. Demand for payment of the note was not made on the partnership maker and notice of dishonor was not given the defendant indorsers. It is not argued that these circumstances avail the defendant Johnson but it is contended that the defendant Lundsten is thereby relieved from liability on the note. That contention is based on the fact that Lundsten's sig-

nature as indorser appears on the note below that of Johnson. Above the signature of Johnson there was a printed statement that "Each of the undersigned" agreed (among other things) to waive demand and notice. It is true that "Subsequent indorsers do not merely by indorsing impliedly adopt such a waiver of notice in prior indorsements." *First National Bank in Medford* v. *Wolfson*, 271 Mass. 292, 295. G. L. (Ter. Ed.) c. 107, § 133. But demand and notice of demand may be waived (G. L. [Ter. Ed.] c. 107, §§ 105, 132). The printed agreement in terms purports to bind each of the indorsers. From the circumstances attendant on the making of the note and from the relationship of the parties the judge was warranted in finding that Lundsten intended to be bound by the express agreement on the note and hence that he expressly waived demand and notice. Furthermore, Lundsten was here the accommodated party. "Notice of dishonor is not required to be given an endorser . . . Where the instrument was made . . . . for his accommodation." G. L. (Ter. Ed.) c. 107, § 138. Presentment for payment is not required to charge such an indorser where he has no reason to expect that the instrument would be paid if presented. G. L. (Ter. Ed.) c. 107, § 103. The partnership account of the maker was withdrawn from the bank where by its terms the note was payable, and Johnson had declared that he would not pay the note. The finding was warranted that Lundsten had no reason to believe that the note if it had been presented would have been paid and hence that presentment was not required.

2. The defendants contend that by reason of the plaintiff's dealings with reference to three hundred shares of Cities Service stock which was included in the collateral deposited by Lundsten as security for his note of $20,000, the judge was not warranted in finding for the plaintiff on the note here in suit. Assuming without deciding that the matter relied on by the defendants is open on the pleadings, the contention cannot be sustained. By the application of the proceeds from the sale by the plaintiff of other securi-

ties held as collateral for Lundsten's $20,000 note, the propriety of which sale is not questioned by the defendants, and by the credit on that note of $5,000 upon the giving of the note here sued upon, the principal sum of the $20,000 note was reduced to $3,532.65.   Within two weeks after the $5,000 note was made the defendant Lundsten arranged through brokers in Providence, selected by himself, the sale, for about $8,600, of the Cities Service stock held by the plaintiff as collateral security for the $20,000 note.   It is not in dispute that he reported this arrangement to the plaintiff who assented to it, that the plaintiff forwarded the stock to the brokers by insured registered mail, that the brokers received and sold it and that within a week, and before remitting the proceeds to the plaintiff, the brokers went into the hands of receivers.   The defendant Lundsten testified that the plaintiff agreed to send the stock to the brokers with a draft attached, but there was evidence warranting the finding that there was no such agreement and that Lundsten assented to and approved of the method by which the stock was forwarded.   The defendants further contend that the plaintiff was negligent in sending the stock otherwise than with draft attached and in letting a week pass before making a demand on the broker for remittance of the proceeds of the sale.   There was evidence warranting the finding that the plaintiff had no knowledge that the brokers were in financial difficulties and that at the time of the transaction a week was not an unusual period to elapse between a sale of stock through brokers and a settlement. On the evidence the judge was warranted in finding that the plaintiff was not negligent.

Lundsten, although requested by the plaintiff so to do, refused to file a claim in receivership proceedings for the amount received by the brokers on the sale of the Cities Service stock.   Thereupon the plaintiff itself filed such claim.   Later a composition offer was made by the brokers to their creditors.   The plaintiff accepted the offer and received thereunder $621.77 in cash and certain obligations of the brokers.   These obligations taken at their face

value, with the cash, totalled the amount of the claim against the brokers. There was evidence that those obligations had no market value and are still held by the plaintiff as collateral security for the balance due on the $20,000 note. There was nothing in the evidence to indicate that the acceptance by the plaintiff of the composition offer was not a prudent arrangement, fairly made and in the best interest of the defendant Lundsten. (*Jones* v. *Kennedy*, 11 Pick. 125.) The sale of the stock in question was arranged by Lundsten himself; the plaintiff assented to it and as a result the plaintiff gave up the possession of the stock and without fault on its part was left with the claim against the brokers in its stead. This claim it had the right to assert when Lundsten failed to make it. The evidence affords no basis for the inferences which the defendants suggest, namely, that the plaintiff accepted what it received under the composition offer in payment of, or in substitution for, the obligations of the defendants on the $5,000 note or the obligation of Lundsten on the $20,000 note. The evidence warranted the finding that Lundsten knew of the composition offer and made no objection to its acceptance or to the plaintiff holding the securities received as collateral security for the balance due on the $20,000 note. The defendants' requests for rulings were rightly denied and the finding for the plaintiff in the amount of $5,000 and interest was warranted by the evidence.

*Exceptions overruled.*