## THOMAS v COLLINWOOD SHALE BRICK AND SUPPLY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12767.   Decided May. 1, 1933

Smith, Olds, Thompson and Harris, Cleveland, for plaintiff in error.

Johnson and Johnson, Cleveland, and Robert D. Godfrey, Cleveland, for defendant in error.

RICHARDS, WILLIAMS and LLOYD, JJ, (6th Dist) sitting

RICHARDS, J.

The sureties offered to prove that after the note became due, there had been an extension of time of payment of the same for a definite period and for a valuable consideration. The trial court held that such evidence was not competent and excluded any evidence along that line which had been received. It has long been the settled law in this state that an agreement between the payee of a note and the principal thereof before or after maturity to extend the time of payment for a fixed period is consideration of the same rate of interest as that named in the note is valid and will discharge the sureties, if made without their knowledge.

Fawcett et v Freshwater, 31 Oh St, 637; Osborn v Low, 40 Oh St, 347.

Such also is the provision of the negotiable instrument law, §8225, paragraph 6, GC. Prejudicial error was therefore committed by the trial court in the ruling relating to evidence of extension of time.

The statute relating to waiving notice of dishonor, §8215, GC, provides as follows:

"When the waiver is embodied in the instrument itself it is binding upon all parties; but when it is written above the signature of an endorser, it binds him only."

All of the endorsers on this instrument signed the same as such before the note was delivered to and accepted by the payee.

Prior to the passage of the negotiable instrument law, it was held that where waiver of protest and notice of dishonor was written on the back of the note and more than one endorser signed the same, the waiver was binding on all of them. It was not the purpose of the section above quoted to abrogate the common law governing the matter, but to codify that law, and it must be construed as binding all endorsers who sign under the waiver prior to delivery and acceptance of the note.

Central National Bank v Sciotoville Milling Co., 91 SE, 808;

Confidential Finance Co. v Monastersky et, 148 Atl., 183.

The case at bar is distinguishable from Murray v Nelson, 145 Tenn., 469, where the signature was by the payee on transferring the note.

It follows that the endorsers were not released by failing to give notice of protest or non-payment, but for error in excluding evidence of extension of time for a definite period and for a valuable consideration without the knowledge of the sureties, the judgment is reversed and the cause remanded for a new trial.

WILLIAMS and LLOYD, JJ, concur.