MINNA ZISMAN, administratrix, *vs.* JOSEPH GATEMAN.

Suffolk.    January 10, 1936. — February 25, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Bills and Notes,* Waiver of presentment and notice of dishonor, Indorser.

Under G. L. (Ter. Ed.) c. 107, § 132, it might properly be found on supporting evidence that a second indorser of a note intended to and did waive presentment, demand, and notice of nonpayment of the note where it appeared that there were two identical forms of waiver on the back of the note and that the second indorser signed just below the first indorser and over the second form of waiver.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 14, 1933.

*M. M. Kalman,* for the defendant.

*H. J. Cohen,* for the plaintiff.

QUA, J. This action is now prosecuted by the administratrix of the estate of Morris Zisman on a promissory note made by one Goldman, payable to Zisman and indorsed before delivery by Rose Sweet and the defendant. The only defence now urged is based upon the admitted fact

that no notice of presentment and dishonor was given to the defendant. The indorsements were in the following form:

> "Waiving presentment, demand and notice.
>    Rose Sweet
>    Joseph Gateman
> Waiving presentment, demand and notice."

The negotiable instruments law provides that "Where the waiver is embodied in the instrument itself it is binding upon all parties; but where it is written above the signature of an endorser it binds him only." G. L. (Ter. Ed.) c. 107, § 133. Under our construction of this section, a waiver such as this on the back of the note is not "embodied in the instrument," and if the case depended solely upon the waiver appearing above the signatures, only Rose Sweet and not the defendant would be deemed to have waived. *First National Bank in Medford* v. *Wolfson*, 271 Mass. 292. But the negotiable instruments law also provides that "Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied." G. L. (Ter. Ed.) c. 107, § 132. And the judge has found as facts that when the defendant signed he intended to be bound by the waiver below his signature and to waive demand and notice and knew that the payee intended that he should do so.

There was evidence that the note was given for money lent by Zisman to the maker; that the maker and the two indorsers were all near relatives; that Zisman had prepared the note in its present form, including the two waivers typewritten on the back; that he had copied it from a former note, of which the present note was in part a renewal; that he had given it to Goldman, the maker, to get the signatures of the indorsers, telling him to get each indorser to sign under one of the waivers; that Goldman saw the indorsers in turn; that Rose Sweet signed under the first waiver and the defendant signed immediately below her signature and over the second waiver. This evi-

dence, particularly the indorsement of the note before delivery with the two forms of waiver upon it, one obviously designed for each of the two indorsers, tended to show the purpose of the maker and of both indorsers to deliver a note free from the requirements of presentment and notice and justified a finding that the defendant had waived those requirements. *Attleboro Trust Co.* v. *Johnson,* 282 Mass. 463, 466. See *Costello Brothers, Inc.* v. *Buckley,* 50 R. I. 432.

We need not decide what the result would be, if the case depended upon the form of the indorsements alone. The findings of the judge were fatal to the defence.

*Order dismissing report affirmed.*