LANGDON C. KELLOGG *vs.* MAURICE SUHER & others.

Hampden. October 28, 1952. — December 3, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Bills and Notes*, Indorser, Waiver of demand and notice. *Waiver.*

Evidence of the circumstances in which a promissory note made by a corporation was indorsed by five of its stockholders for its accommodation on the back under two light lines appearing beneath the typewritten words "Waiving demand, notice and protest," and was then indorsed by the treasurer and the president of the corporation upon the two light lines, all before its delivery to the payee, warranted a finding that each stockholder indorsing the note impliedly adopted and was bound by the waiver.

CONTRACT. Writ in the Superior Court dated April 28, 1949.

The action was heard by *Broadhurst, J.,* without a jury.

In this court the case was submitted on briefs.

*Harry M. Ehrlich, Isidore Gelin, & Philip E. Saks,* for the defendants.

*Abraham R. Goldman & Louis J. Gordon,* for the plaintiff.

RONAN, J. This is an action of contract by the holder and payee of a note made by The Lawton Inn, Incorporated, and indorsed by the five defendants, Suher, Zimmerman, Philip Small, Saul Small, and Fried, stockholders in the corporation, for its accommodation. The judge found for the plaintiff against all the defendants for the balance due on the note. The defendants excepted to the denial of certain of their requests for rulings and to the granting of certain of the plaintiff's requests.

The maker of the note conducted a small hotel in Connecticut and was in need of $4,000, and the plaintiff agreed to lend it this sum if Suher and Zimmerman and the stockholders living in Springfield or vicinity indorsed the note. The plaintiff sent his check to the attorney for the hotel with instructions to exchange the check for the note when it was executed by the maker and the indorsers. The attorney drafted the note, had it executed by the hotel corporation, and then sent it to Zimmerman to have it indorsed by the defendants. At the top of the back of the note appeared the typewritten legend "Waiving demand, notice and protest," and under this legend were two light lines extending across the width of the note. After the note was indorsed by Suher, Zimmerman, Philip Small, Saul Small, and Fried in that order, it was returned to the attorney who sent it to Connecticut where it was indorsed by Sullivan and Newton, the treasurer and president of the maker respectively, in that order upon the two light lines. It was returned to the attorney who sent it to the plaintiff and gave the plaintiff's check to the maker. The note was payable at a Connecticut bank. The note was never pre-

sented for payment at maturity and no notice was given to the defendants. Failure of presentment, demand, and notice is the only ground of defence.

The judge found that the defendants knew that their indorsements were necessary to enable the maker to obtain the loan; that each indorser intended to be bound on the same basis as every other indorser; that each indorsed before delivery; and that each impliedly adopted the waiver of presentment, demand, and notice as his own.

The findings made by a judge in an action at law must stand unless they are unwarranted by any reasonable view of the evidence together with all rational inferences that may be drawn therefrom. His general finding is conclusive if there is any evidence to support it. *Codman* v. *Beane*, 312 Mass. 570. *First National Stores Inc.* v. *H. P. Welch Co.* 316 Mass. 147, 149–150.

Notice of dishonor may be waived before or after the time for giving notice has arrived, and the waiver may be express or implied. G. L. (Ter. Ed.) c. 107, § 132. Section 133 of this chapter provides, "Where the waiver is embodied in the instrument itself it is binding upon all parties; but where it is written above the signature of an endorser it binds him only." We do not understand that any contention is made that the typewritten waiver is embodied in the instrument. The last clause of § 133 is relied upon to show that the waiver did not extend to the indorsements made by the defendants. In *Mooers* v. *Stalker*, 194 Iowa, 1354, interpreting a statute identical with our § 133, it was held that, where the waiver of notice was not expressed in such form as to include subsequent indorsers, one who indorsed after an indorsement next to the waiver was not bound by the waiver. Such an indorser is not affected by a waiver unless he makes it himself or unless in some manner he adopts it as his own. In the course of the opinion it was said (perhaps by way of dictum), at page 1360, "The language of the waiver may be such as to obviously bind each and every indorser on the note, without having it specifically repeated above the signature of each indorser.

This happens, for example, where a group of accommodation indorsers sign together under one waiver obviously intended to bind all." In support of this statement is cited *Central National Bank* v. *Sciotoville Milling Co.* 79 W. Va. 782, holding a second indorser bound by a waiver in these words, "The within note is hereby indorsed and demand, notice of non-payment and protest waived," where it appeared that all five indorsers executed the note at the same time with knowledge that the waiver was printed thereon and that it was one of the conditions of acceptance by the payee. The *Central National Bank* case was followed by *Confidential Finance Co.* v. *Monastersky*, 106 N. J. L. 14. It appeared in the case last cited that all three indorsers signed at the same time before delivery of the note under a waiver which read, "Protest and notice of non-payment of this note is hereby waived." It was held that the meaning of the statute "is that it was never intended to require a separate waiver clause for every endorser, but still recognize the fact of several signing under the clause with intent to be bound thereby."

When this note was delivered to Zimmerman to secure the indorsements of the defendants it already had the waiver typed upon it but at that time it had no indorsements upon it. The inference is plain that the waiver had been added for the benefit of the payee and indicated that he desired that indorsements which were to be made collectively by a class of stockholders for the accommodation of their corporation should be made subject to the waiver. The payee was not dealing with the indorsers severally and apart from the others. He was dealing with a single group in performing a joint undertaking in order that the corporation might obtain a loan. There was testimony by one of the defendants that he saw the waiver before he added his indorsement and intended to be bound by it; by another that he did not recall seeing the waiver but that did not make any difference to him as the other names were there and he was told that "we all have to sign"; by another that he saw the waiver and said he would sign if the rest did and that

he would sign to be liable for his proportionate share if the note was not paid; by a fourth defendant that when he indorsed the note he intended to be liable for its payment; and by a fifth defendant that he intended to be bound by his indorsement which he intended to be a joint indorsement. None of this evidence was objected to. It tended to show the circumstances in which the note was indorsed and the relationship that the indorsement of one bore to those of the others. The present action is between some of the original parties to the note. We think it was competent, at least against the one so testifying, on the issue whether he adopted the waiver. See *Taunton Bank* v. *Richardson*, 5 Pick. 436; *Proctor* v. *Hartigan*, 143 Mass. 462; *Kavanaugh* v. *Johnson*, 290 Mass. 587; *Zisman* v. *Gateman*, 293 Mass. 519; *Burque* v. *Brodeur*, 85 N. H. 310; 18 B. U. L. Rev. 154, 158. We cannot say that an inference was unwarranted that the defendants recognized the waiver as applying to them and indorsed with the intent to be bound by it. We think the case is distinguishable from *First National Bank* v. *Wolfson*, 271 Mass. 292, 294, where it was said that "It is unnecessary to decide whether the rights of the parties would be the same if they had been found to have entered into a joint undertaking as indorsers." The case at bar resembles *Zisman* v. *Gateman*, 293 Mass. 519, in which the second indorser was held to have waived where it appeared that he intended to do so. Compare *Record* v. *Rochester Trust Co.* 89 N. H. 1. It is unnecessary to discuss the action of the judge in giving certain requests and in denying others in view of what has been said. There was no error in these rulings.

*Exceptions overruled.*