*Western District*
No. 200935

**INDUSTRIAL NATIONAL BANK
OF RHODE ISLAND**

v.

**LEO'S USED CAR EXCHANGE, INC.,**
Defendant
**SECURITY NATIONAL BANK,**
Trustee

Argued. April 21, 1971. Decided April 22, 1971

Case tried to: *Walsh, J.,* in the District Court of Springfield No. 200935.

*Present:* Allen, J. (Presiding), Sloan, Dudley, JJ.

**Dudley, J.** In this contract action the plaintiff seeks to recover upon two checks drawn by the defendant on Security National Bank, one in the sum of $9650.00 made payable to the order of Villa's Auto Sales, Inc. and the other in the amount of $5500.00 made payable to the order of Villa's Auto Sales. The answer, among other items, denied that the plaintiff was a holder in due course of the checks sued upon.

Each of the above checks was cashed by a teller at a branch of the plaintiff bank, at the request of F. M. Villa, who was a customer of the plaintiff bank and who was President and Treasurer of Villa Auto Sales, Inc., a corporation which had a corporate account in the plaintiff bank.

As far as his corporation was concerned,

Villa had authority to cash checks drawn to or by Villa Auto Sales, Inc.

The plaintiff bank had a custom and rule that no corporate checks drawn on another bank were to be cashed without prior approval of the manager. The teller who cashed the subject checks did not obtain approval from the manager.

The plaintiff bank also had a custom and rule that any checks cashed by the bank must be properly endorsed before cashing. Each of the subject checks was endorsed "Villa Auto Sales, F.M. Villa."

The plaintiff bank put both checks thru and when they were presented at the Security National Bank in Springfield, Mass. they were protested and returned to the plaintiff because the defendant had stopped payment on them for a valid reason.

The plaintiff bank has never been reimbursed for the money it paid out in cashing the checks.

The defendant gave the checks to Villa at an auto auction in Connecticut in payment for 3 cars which defendant bought at the auction.

The checks were cashed at a branch of plaintiff bank in Cumberland, Rhode Island.

The plaintiff seasonably filed requests for rulings, all of which were allowed except for requests Nos. 8, 13, 14.

The disallowance requests are as follows:

8. There is no evidence that in cashing

both checks declared upon the plaintiff did not act in good faith.

13. As the plaintiff is a holders in due course of the check declared upon in Count #1, a finding for the plaintiff is required.

14. As the plaintiff is a holder in due course of the check declared upon in Count #2, a finding for the plaintiff is required.

The court denied each of the above requests and made the following findings:

"... the plaintiff is a holder, a defense exists and under the circumstances it has not shown itself to be a holder in due course since I further find the checks were not taken in good faith."

The court found for the defendant.

The plaintiff claims to be aggrieved by the denial of the three requests for rulings above set forth.

We find no error in the denial of the requests.

■■■ The law of the place where the checks were negotiated, namely, Rhode Island, governs. *Gagliardi* v. *Downing & Perkins, Inc.* 52 Conn. 467. *Restatement of Conflict of Laws*, § 349. Rhode Island has adopted the Uniform Commercial Code which is the same as the Code adopted by Massachusetts. Title 6A of the General Laws of Rhode Island.

■■■ The law of Rhode Island defines a holder in due course as one who takes the in-

strument for value, in good faith and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

Under Rhode Island law good faith is defined to mean "honesty in fact in the conduct or transaction concerned." G. L. R. I. Title 6A — 1 — 201 (19).

A holder in due course must take an instrument in good faith. Mass. G.L. c. 106, § 3-302(b).

■ "Good faith is undoubtedly a question of fact and for this reason it is difficult to lay down definite components which will always spell out good faith." *Stickells & Everberg,* Mass. Practice Series Vol. 25, page 236, § 3.124.

■ The intent with which a person acts is usually a question of fact which is to be determined from his declarations, conduct and motive, and all the attending circumstances. *Commonwealth* v. *Althouse,* 207 Mass. 32, 47, 48. *Ciarlo* v. *Ciarlo,* 244 Mass. 453, 455, 456. *Dubois* v. *Atlantic Corp.,* 322 Mass. 512, 520.

"The definition in the Code is that it means honesty in fact in the conduct or transaction concerned." § 1-201(19).

The definition confirms the proposition that good faith is, indeed, a question of fact. It has been so held in a pre-code decision in Massachusetts. *Fillebrown* v. *Hayward,* 190 Mass. 472. This case stated, however, that neither knowledge of suspicious circumstances, nor doubts as

to genuineness of title, nor gross negligence on the part of the taker either singly or together are sufficient to defeat the holders recovery, unless amounting to proof of want of good faith. See *Stickells & Everberg Manual on Uniform Commercial Code* - (1963) § 3, 124.

Findings of fact made by the trial judge will not be disturbed if they can be sustained on any reasonable view of the evidence or unless they are wrong as matter of law. *Barthrow* v. *Watertown Sq. Theatre,* 300 Mass. 223. The findings made by a judge in an action at law must stand unless they are unwarranted by any reasonable view of the evidence together with all rational inferences that may be drawn therefrom. His general finding is conclusive if there is any evidence to support it. *Codman* v. *Beane,* 312 Mass. 570. *Kellogg* v. *Suher,* 329 Mass. 544, 546.

Request #8 calls for a ruling that there is no evidence that in cashing both checks declared upon the plaintiff did not act in good faith. This request requires a finding of fact as well as a ruling of law. The trial judge in denying the request and in making his findings states as a fact that there was evidence that the checks were not taken in good faith.

In *Dubois* v. *Atlantic Corp.,* 322 Mass. 512, the court said "We are not, however, the arbiters of fact. What is more, lacking observation of the witnesses, we cannot say that no

conscientious judge, acting intelligently, could honestly have denied the motion, etc."

Requests #13 and #14 assumed the disputed fact of the plaintiff being a holder in due course of the checks involved.

The trial judge found as a fact that the plaintiff was not a holder in due course.

 Ordinarily requests for rulings serve to separate the law from the facts by stating the facts hypothetically and requiring a ruling upon the legal results of the facts stated. *Graustein* v. *Dolan*, 282 Mass. 579. But where a request assumes a disputed fact (as in this case the assumption that plaintiff is a holder in due course), instead of stating it hypothetically, the party presenting the request goes beyond his right to a ruling of law, and asks also an implied finding of fact which the judge is not required to make. The judge does his full duty when he makes rulings of law upon proper requests and decides the case. *Liberatore* v. *Framingham*, 315 Mass. 538, 543 and cases cited.

 When the request, like the ones under discussion, is a hybrid, asking a finding of a disputed fact as well as a ruling of law upon it, the request is properly refused. *Dow* v. *United States Fidelity & Guaranty*, 297 Mass. 34. *Liberatore* v. *Framingham*, 315 Mass. 538 and cases cited.

We find no error in the trial judge's findings

and rulings. Therefore we enter the order. **Report Dismissed.**

KEYES & DONNELLAN
 of Springfield for the defendant,
LYMAN & GODFREY
 of Springfield for the plaintiff.