*Southern District*

No. 83

**ADOLPHE PLANTE D/B/A**

v.

**LAURETTA E. VAILLANCOURT**

Argued: June 12, 1974 - Decided: Sept. 17, 1974

*Present:* Murphy, P.J., Lee, Rider, JJ.
Case tried to *Silva, J.* in the Third District Court of Bristol, No. 685.

**Lee, J.** This is an action of contract in which the plaintiff seeks to recover under three counts for the building of a five room ranch house with an attached garage, under a written agreement with the defendant. The answer is a general denial and the special defenses of statute of frauds, payment in full, estoppel, failure of a condition precedent, failure of consideration, fraud in the inducement of the contract, and violation of duty.

There was a finding for the plaintiff on Count 1 in the sum of $4,303.75, and for the defendant on Counts 2 and 3.

Count 1 is the only count germane to the issue in this case and is as follows:

> "The plaintiff says that he entered into an agreement with the defendant and her late husband, Adelard S. Vaillancourt, to build a house and garage for them at May Street and Upland Avenue in New Bedford, now numbered 924 May Street, on a cost of labor plus costs of material basis. That the plaintiff did build said house and the cost to the defendants for said labor and materials furnished in the building of said house was $42,182.21 and that the defendants here paid the plaintiff the sum of $35,500.00 on account. Wherefore, the defendant now owes the plaintiff the balance of $6,682.21 with interest from June 23, 1971, the date said amount was due and payable and on which

date demand for the payment of said balance was made.''

It would have been better pleading for the plaintiff to bring his action for extras in a separate count instead of joining them in his contract action. This tends to confuse the issue as to whether this is an action based on a contract or in common count. We perceive it to be mainly as an action of contract and treat it as such. There is no material variance, in any case, in the proof to prohibit the trial justice from arriving at correct findings. The question before this court is whether the trial justice's finding can be sustained on the evidence and if his rulings of law constituted prejudicial error.

There is ample evidence to support the trial justice's finding.

Findings of fact made by the trial justice will not be disputed, if they can be sustained on any reasonable view of the evidence or unless they are wrong as a matter of law. *Casey* v. *Gallagher,* 326 Mass. 746, 748, 749. *Charles I. Homer, Inc.* v. *Commonwealth,* 302 Mass. 495 at 499.

The perplexing part of this case deals with the last paragraph of the written agreement, where instead of listing a firm figure as the cost for building the house and garage in question, it states ''Estimated cost complete $38,064.00. This may vary due to possible additions or deletions as the case may be at the

option of the owners . . . : . . . . . . . . . . ."

The trial justice dealt decisively with this confusing language in his finding of fact and on his ruling on the plaintiff's request for ruling No. 8, wherein he stated. "I find that the cost was in fact agreed upon notwithstanding labeling as estimated."

In its finding of fact the court found the plaintiff fully performed under the contract and was entitled to the contract price of $38,064.00, that $35,500.00 was paid and $2,564.00 was owing to the plaintiff.

▉ The costs of labor and materials are immaterial where the parties have an agreed contract price.

The court also found for the plaintiff for certain extras in the sum of $2,564.00 applying the theory of *quantum meruit* to reach its conclusion.

The trial justice's general finding is conclusive, if there is any evidence to support it: *Codman* v. *Beane,* 312 Mass. 570. *Kellog* v. *Suber,* 329 Mass. 544 at 546.

We find such evidence in regard to both the contract and the extras. There being no prejudicial error in the trial justice's finding or rulings on requests for Rulings of Law.

An order should be entered **dismissing the report.**